UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CRAIG ANTHONY JAMES,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | Case No.   13-cv-1396 |
| ) | |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Respondent.   ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Respondent's Motion for Order Directing Attorney Karl Bryning to Submit an Affidavit in Response to Petitioner's Claim of Ineffective Assistance of Counsel. (Doc. 4). For the reasons stated below, the motion is granted.

Following a blind plea of guilty in September 2010, Petitioner is currently serving a 120-month sentence for three counts of distribution of crack in violation of 21 U.S.C. § 841, possession with intent to distribute crack in violation of 21 U.S.C. § 841, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). (09-cr-10128: 9/15/13 Minute Entry & Doc. 33). In his § 2255 Motion, Petitioner argues that he is innocent of the crime charged in Count 5 of the indictment, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and that his Sixth Amendment right to counsel was violated by his attorney's erroneous advice to plead guilty to that charge. (Doc. 1 at 11-13). He argues that the government's evidence of "constructive possession" and of

the firearm's use "in furtherance of" the drug crime was insufficient, but that he relied on his attorney's advice to plead guilty. (Doc. 1 at 11-13, 27-31). He claims that, absent that advice, he would not have pled guilty to Count 5, and therefore asks the Court to allow him to withdraw that portion of his guilty plea and go to trial, or to simply vacate his conviction and sentence as to Count 5.

Respondent has filed the instant Motion in order to obtain an affidavit from Petitioner's trial counsel, Karl Bryning, regarding his representation of Petitioner. (Doc. 4). In *United States v. Pinson*, the Tenth Circuit held that a habeas or § 2255 petitioner waives his attorney-client privilege by making an ineffective assistance of counsel claim, such that the government may obtain an affidavit from the petitioner's trial counsel regarding the representation. 584 F.3d 972, 977-78 (10th Cir. 2009) (citing *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967)); *see also McCoy v. United States*, 10-C-1121, 2012 WL 554497, *2 (E.D. Wis. Feb. 21, 2012) (citing *Pinson*, 584 F.3d at 977-78); *Jenkins v. United States*, 09-CV-713, 07-CR-72, 2010 WL 145850, *2 (E.D. Wis. Jan. 8, 2010) (citing, *inter alia*, *Pinson*, 584 F.3d at 977-78). Respondent's Motion listed the four questions to which it sought answers from Mr. Bryning. (Doc. 4 at 4). *See Jenkins*, 2010 WL 145850, *2 (citing *Pinson*, 584 F.3d at 979; *Bittaker*, 331 F.3d at 720) ("Perhaps the area requiring the most caution is the breadth of the response the court orders the attorney to provide.").

Respondent gave Mr. Bryning notice of the Motion to allow him the opportunity to respond if he chose, and Petitioner was also served with a copy of the Motion. (Doc. 4 at 4, 6). The Court delayed its disposition of this Motion for the time usually allowed for responses to Motions, and neither Mr. Bryning nor Petitioner elected to file a response within that time period. *See McCoy*, 2012 WL 554497, *2 (citing *Pinson*, 584 F.3d at 977-78) (allowing § 2255 petitioner to decide between waiving privilege and dropping ineffective assistance claim). The Court therefore assumes that neither Petitioner nor Mr. Bryning opposes the entry of an Order granting the Motion and directing Mr. Bryning's response to the four questions listed in the Motion, and finds that Petitioner has waived the attorney-client privilege between himself and Mr. Bryning to the extent reasonably necessary to allow Mr. Bryning to respond to his claim of ineffective assistance of counsel. Having reviewed the questions posed by Respondent, the Court believes them to be specifically tailored to the issues raised in the § 2255 Motion, and therefore appropriate. If Mr. Bryning believes that a complete answer to any of these questions would implicate any rights regarding the confidentiality of his representation that Petitioner has not waived, Mr. Bryning may seek a ruling from the Court as the propriety of disclosing the information.

IT IS THEREFORE ORDERED:

1. Respondent's Motion for Order Directing Attorney Karl Bryning to Submit an Affidavit in Response to Petitioner's Claim of Ineffective Assistance of Counsel (Doc. 4) is GRANTED.

2. Within 21 days of the date of this Order, Karl Bryning, Assistant Federal Public Defender, SHALL submit to the United States Attorney's Office, Central District of Illinois, an affidavit addressing the following questions:

    a. Did Mr. Bryning independently assess whether there was sufficient evidence to prove beyond a reasonable doubt that the defendant (i) possessed the firearm that is the subject of Count V (ii) in furtherance of a drug trafficking crime?

    b. If so, what was counsel's conclusion and on what information was this conclusion based?

    c. What advice, if any, did counsel provide to petitioner concerning pleading guilty to Count V of the indictment?

    d. Did counsel tell or otherwise direct petitioner to plead guilty to Count V of the indictment?

3. Respondent shall include a copy of Mr. Bryning's affidavit with its Response to Petitioner's § 2255 Motion when such Response is filed with the Court, and shall serve a copy of both the Response and the affidavit upon Petitioner at that time.

Entered this 29th day of October, 2013.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
