UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CRAIG ANTHONY JAMES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 13-cv-1396 |

## O R D E R & O P I N I O N

This matter is before the Court on Petitioner's Motion for Leave to Appeal In Forma Pauperis (Doc. 22) the denial of his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the reasons stated below, the Motion is DENIED.

### BACKGROUND

On September 15, 2010, Petitioner pled guilty in this Court to three counts of distribution of crack cocaine (Count I through III), one count of possession with intent to distribute cocaine base (Count IV), one count of possession of a firearm in furtherance of a drug trafficking crime (Count V) and finally, one count of possession of a firearm by a felon (Count VI). After having his original sentence vacated by the Seventh Circuit in light of the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (U.S. 2012) (No. 09-cr-10128, Doc. 46 at 3), Petitioner was ultimately sentenced on October 18, 2012 to a total term of 120 months; sixty months on each of Counts I-IV and VI to be served concurrently and sixty months

on Count V to be served consecutively to the term imposed for Count IV, which was the underlying drug trafficking crime. (No. 09-cr-10128, Doc. 50 at 3).

The Court received Petitioner's instant § 2255 motion on August 30, 2013. (Doc. 1). The motion was Petitioner's first and was timely filed. In it, Petitioner raised two claims: (1) that his sentence was constitutionally defective because it was the product of ineffective assistance of counsel in that his counsel advised him to plead guilty to the crime of possession of a firearm in furtherance of a drug trafficking crime despite that there was insufficient evidence to support a conviction and (2) that he was actually innocent of the same crime. Respondent filed a response brief (Doc. 7), and Petitioner filed a reply brief (Doc. 9). In the reply brief, Petitioner raised for the first time, a claim that his conviction on all counts of the indictment was a violation of the United States Constitution by virtue of the rights conferred upon him by the Tenth, Fifth and Fourteenth Amendments. Petitioner claimed that the federal drug laws for which he was convicted of violating, in and of themselves, were actually violations of "the Tenth Amendment sovereign right of the State of Illinois to have had exclusive criminal jurisdiction of any proceedings pursued against" him. (Doc. 9 at 2).

This Court found that the Petitioner's claims were without merit and that no reasonable jurist would conclude otherwise. (Doc. 11 at 13). On April 28, 2014, Petitioner filed a notice of appeal. (Doc. 14). One day later, the Seventh Circuit ordered Petitioner to pay the filing fee or to file a motion to proceed in forma pauperis in this Court. (Doc. 17). Petitioner filed a one sentence motion to proceed in forma pauperis (Doc. 19) in this Court on May 19, 2014 that this Court denied as

incomplete. (May 20, 2014 Text Order). On May 22, 2014, Petitioner filed the instant motion for leave to appeal in forma pauperis with a proper affidavit. (Doc. 22).

**LEGAL STANDARDS**

Under 28 U.S.C. §1915(a), an indigent prisoner litigant may pursue an appeal by filing an affidavit that includes a statement of all assets such prisoner possesses, and affirms that the prisoner is unable to pay court fees or provide security therefor. The affidavit must also state the nature of the appeal and the affiant's belief that he is entitled to redress. The prisoner must also submit a certified copy of his trust fund account statement (or institutional equivalent) for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. Section 1915(a)(3) also explicitly provides an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

**DISCUSSION**

Petitioner has submitted the required affidavit and trust fund account statement to demonstrate his indigence. However, for the reasons explained below and more fully in the March 10, 2014 Order and Opinion (Doc. 11) denying Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, no reasonable person could suppose that Petitioner's grounds for appeal have

3

any merit. Therefore, the appeal is not in good faith and leave to file in forma pauperis should not be granted.

Petitioner claimed in his § 2255 motion that 1) his counsel was ineffective and 2) he was actually innocent of the crime of possession of a firearm in furtherance of a drug trafficking crime. The Court found these claims were without merit.

First, Petitioner claimed his plea of guilt to violating 18 U.S.C. § 924(c)(1)(A) by possessing a firearm in furtherance of a drug trafficking crime was involuntary and unknowing because his counsel rendered ineffective assistance by failing to inform him that the Government had insufficient evidence to convict at trial. (Doc. 1 at 11). The Court concluded that there was ample evidence, of which Petitioner's counsel was aware, available to the Government to support a finding that Petitioner possessed a firearm to protect his drugs and cash, such protection being in furtherance of the drug activity. (Doc. 11 at 6-9). Given that there was sufficient evidence for a jury to conclude Petitioner committed the offense of possession of a firearm in furtherance of a drug trafficking crime, the Court could not find that Petitioner's counsel acted ineffectively or was unreasonable in providing Petitioner with the assessment that he would likely be found guilty of Count V. (*Id.* at 10).

Second, the Court rejected Petitioner's actual innocence claim because "[a]ctual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by Appellant's failure [to timely] file his § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005). Petitioner did not need to hurdle any procedural impediments because his § 2255 motion was timely-

4

filed and not successive. Moreover, his claim of actual innocence was predicated on semantics, not substance. Petitioner claimed in his § 2255 motion that he was actually innocent—not of possessing a firearm or being a drug dealer—but rather of possessing the firearm within the statutory meaning of "in furtherance of" his drug activity. Thus, his claim was one of legal insufficiency and not one of factual innocence. (Doc. 11 at 10-11).

Next, the Court declined to consider Petitioner's Tenth Amendment claim because he raised it for the first time in his reply brief. However, the Court still explained that Petitioner's claim was without merit regardless because of *United States v. Westbrook*, 125 F.3d 996, 1008-10 (7th Cir. 1997), in which the Seventh Circuit explained that the federal statutes criminalizing conduct involving narcotics trafficking and possession of firearms enacted under the Commerce Clause do not violate the Tenth Amendment. (*Id.* at 11-12).

Lastly, the Court denied a certificate of appealability because the Court found Petitioner did not make a substantial showing of the denial of a constitutional right nor was there any reason reasonable jurists would differ on the Court's assessment of Petitioner's claims. (*Id.* at 13).

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Leave to Appeal In Forma Pauperis (Doc. 22) is DENIED. Pursuant to Federal Rule of Appellate Procedure 24(a)(4) the clerk is ordered to immediately notify the parties and the Seventh Circuit Court of Appeals that this Court has denied Petitioner's motion and has

5

found the appeal is not taken in good faith because it is without merit. IT IS SO ORDERED.

Entered this 28th day of May, 2014.

s/Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge